Patton v. Varga.

## PATTON v. VARGA.

**Judicial Sales: UNDER JUNIOR AND SENIOR LIENS: RIGHT TO RENTS
DURING YEAR FOR REDEMPTION.** Plaintiff was the mortgagee of
leased premises, and she had foreclosed her mortgage and bought
the premises at foreclosure sale, but the year for redemption had
not expired. She also had an assignment from the mortgagor of all
rents due or to become due. Defendant had bought in the pro-
perty at an earlier judicial sale upon a junior judgment, and had
received a sheriff's deed. *Held* that defendant was entitled to the
rents from the date of his deed up to the time when plaintiff
should obtain a deed upon her foreclosure sale.

*Appeal from Decatur District Court.*—HON. R. C.
HENRY, Judge.

FILED, OCTOBER 5, 1888.

THIS is an agreed case in which the parties seek a
determination of their respective adverse claims to the
rent of certain real property. The judgment in the
court below was for defendant. Plaintiff appeals.

*Chambers, McElroy & Roberts*, for appellant.

*Parish & Hoffman*, for appellee.

BECK, J.—I. The facts involved in this case are set out in the agreed statement in full, and with particularity. A very brief statement here will prove sufficient for an understanding of the questions of law ruled in our opinion. Plaintiff is the mortgagee and the assignee of a mortgage, and as such claims a lien upon a house and lot. She is the purchaser of the property under a foreclosure of the mortgage, but the time for redemption has not expired. The defendant is the purchaser of the property under a judgment which is a lien inferior to the mortgage under which plaintiff claims, and has received a sheriff's deed for the property duly executed. The mortgagor executed to plaintiff before the foreclosure of the mortgage an assignment of the rents "due or to become due," or to arise afterwards, from the property. The rents so received by plaintiff it is stipulated shall be applied as payment upon the mortgage held by plaintiff. The plaintiff under this agreement claims all rents arising from the property. Defendant claims the rent from the time his sheriff's deed was executed until plaintiff shall obtain a sheriff's deed. The district court sustained the claim of defendant, and rendered a judgment accordingly.

II. We think the controlling questions in the case are not difficult of solution. The first one for determination is of fact, and involves an inquiry as to the precise effect of the assignment of the rents to plaintiff, which is in the following language :

"GRAND RIVER, IOWA, Jan. 31, 1885.

"For value received we hereby assign and set over to Mrs. Julia V. Patton, of Knoxville, Allegheny county, Pennsylvania, all rents now due or to become due from Bosworth, Jennings & Co., their successors and assigns, on the real estate occupied by said firm as a store building, etc., in Grand River, Iowa ; also all rents hereafter to arise from the renting of said property,—all of. said rents to be applied by said Julia V. Patton in liquidating a note and mortgage held by her on said property ;

said property being now rented at three hundred and fifty dollars per year; the rent now due being at that rate from January 1, A. D. 1884."

The agreed statement of facts contains the following paragraph: "(5) That ever since January 31, 1885, said Julia V. Patton, at the request of L. D. Bosworth & Co., L. D. Bosworth and Harry Milligan (the mortgagors), has in her own name leased and controlled said property, and paid for all repairs and insurance on said property; and has made all contracts in regard to the leasing of said property, and collected and received all rents from said property that have been paid, and applied the same on her said mortgage; that since said January 31, 1885, said L. D. Bosworth & Co., L. D. Bosworth and Harry Milligan have had nothing whatever to do with said premises, but during said period said premises were rented, and rents collected by her in her own name." It will be observed that plaintiff does not become the lessor of the property for any time, nor was any interest transferred to her by the mortgagors in and to the property mortgaged, nor did they transfer to her their equity of redemption. All that was done was the assignment of the mortgagee's claim for rents; and authority conferred by the mortgagors upon her to collect the rents, and lease the property. She became an agent of the mortgagors, and nothing more. She surely had no right to rent the property, and collect the rent, as the owner, a tenant, or as one having any title in the property.

III. Now, it will not be disputed that the mortgagor of the property owns it, and his title is not divested until a deed is made upon foreclosure. He may rent the property, and collect the rent, in the absence of restrictions in the mortgage and decree. A tenant whose term does not expire until after the mortgagor has been divested of his title by judicial sale, may probably continue to hold the property under the lease. But the rent will go to the person who acquires the property by the judicial sale. The defendant in this case acquired the title to the property subject to the mortgages. With it he acquired the right to rents. The plaintiff,

as we have seen, acquired no other or different rights than those held by the mortgagors. Their rights were cut off by the sale and deed to defendant, and with them fall all the rights of plaintiff as an assignee and agent of the mortgagors. It seems to us that there can be no question or doubt as to the doctrines of the law we have just announced. And there is none as to the facts of the case. We therefore can see no possible escape from the conclusions we have announced. It is needless to cite cases in support of our conclusions, for we think the principles upon which they are based will not be questioned. The judgment of the district court is

AFFIRMED.